WING
v.
MIX.

APPEAL from the *Franklin* Circuit Court.

*Per Curiam.*—The judgment in this case is reversed, for

Monday,
December 9.

---

WING, ADMINISTRATOR OF HALE *v.* MIX and Another.

*A.* sued the administrator with the will annexed of the estate of *B.,* alleging that she was the granddaughter of *B.,* and entitled under his will to a legacy of $300 ; and that the defendant had in his hands large sums of money belonging to said estate, out of which said legacy might be paid, which he refused so to apply, &c. Answer : that *B.,* by his will, provided that his widow should have out of his estate a good, comfortable living; that on final settlement with the Court, he had in his hands the sum of $718, which he was directed by the Probate Court to put at interest, and out of the interest, or from the principal, if necessary, to pay such sums as might be necessary for the comfortable support of the widow ; that he had, in pursuance of said order, paid over large sums to the widow, &c. The will provided : "1. My will and desire is, that my wife have of my estate a good, comfortable living, during her natural life." "13. I mean to be understood in relation to my wife, that she have one third of all my estate, as the law provides, during her life," &c.

*Held,* that under the will, the widow was entitled for her support and maintenance, during her life, to one third of the estate, and no more, and hence the order of the Probate Court was unauthorized by the will.

*Held,* also, that the administrator should have applied the money in his hands at the time of the demand to the payment of *A.'s* legacy.

Monday,
December 9.

APPEAL from the *Laporte* Common Pleas.

DAVISON, J.—*David* and *Hester Ann Mix* brought this action against *Wing,* as the administrator with the will

annexed, of the estate of *Silas Hale*, deceased, alleging in their complaint that *Hester Ann*, the wife of *David Mix*, is the granddaughter of the decedent, who died in the year 1844. That *Silas Hale*, prior to his death, viz., on *April* 7, 1842, made his will, whereby, among other things, he bequeathed to *Hester Ann*, $300; that said will was duly admitted to probate; and that, on *October* 11, 1849, administration of the decedent's estate was duly committed to the defendant, who has received, and has now in his hands, large sums of money belonging to said estate, out of which the legacy of *Hester Ann* could and ought to be paid. It is averred that the defendant, although specially requested, has failed and refused to pay the legacy, or any part of it. Wherefore, &c.

Defendant answered: 1. By denial. 2. Payment. 3. That by the will of *Silas Hale*, it was provided that *Eve Hale*, his widow, should have out of his estate, during her natural life, a good, comfortable living. That defendant, as administrator, &c., proceeded, under the direction of the Probate Court, to settle the estate, and at the *January* term, 1854, by his report, which was approved by the Court, it appeared that he had on hand, $718; since which time he has received no other moneys belonging to the estate. And that the Court then and there, in pursuance of said will, ordered and directed that the defendant, as such administrator, should put, or hold, said money at interest, until the further order of said Court, and that out of the interest, or from the principal, if necessary, the defendant should, from time to time, pay such sums as should be necessary for the comfortable support of said widow; which order is in full force, &c., of which the plaintiffs had notice, &c. That the widow has no property or income, except her dower right in certain real estate, the income of which is wholly insufficient for her support; and that, for such support, the defendant has, from time to time, paid her large sums of money out of the moneys aforesaid; and that she is still living, and continues to require contributions for her comfortable support, &c. To this third paragraph, the Court sustained a demurrer, and the defendant excepted. Issues having been made, the cause was

Nov. Term, submitted to the Court, who found for the plaintiffs, and,
1861. having refused a new trial, rendered judgment, &c.

WING      The plaintiffs, upon the trial, gave in evidence the will
v.        referred to in the complaint, which contains these provisions:
MIX.      "1. After the payment of my funeral expenses, and the
expenses of my last sickness, my will and desire is, that my
wife, *Eve Ha'e*, have of my estate, a good, comfortable living,
during her natural life ...... 9. To my granddaughter, *Hes'er
Ann Hale*, and her heirs forever, I give and bequeath three
hundred dollars ...... 13. I mean to be understood, in relation
to my wife, that she have one third of all my estate, as the
law provides, during her life, and that the sale of my real
estate be subject to her dower."

The plaintiffs produced one *Wilson*, who testified that
*Hes'er Ann Hale*, named in the will, was the granddaughter
of the testator, and the wife of *David Mix*, the plaintiff.
They also proved a demand upon the defendant, prior to the
commencement of this suit, for the legacy sued for in this
action; and further, they gave in evidence the record of a
final settlement of the estate, made by the defendant, as
administrator, &c., whereby it appeared, that upon such set-
tlement there remained in his hands, $718.15. And there-
upon the defendant offered in evidence the order of the
Court referred to in the third paragraph of the answer, but
his offer was refused. He then offered to prove that *Eve
Hale's*, the widow's, entire interest from her dower, did not
exceed $50 per annum, and that it required, in addition, at
least $3 per week for her comfortable support, and also that
he had paid large sums of money, in pursuance of said order
of the Court; but this evidence was also excluded, and the
defendant excepted.

The first and thirteenth clauses in the will evidently
relate to each other, and may be construed as one provision;
and this being done, it is manifest that the testator intended
his widow to have, as her support and maintenance during life,
one third of his estate, and no more; and, in consequence,
the order of the Probate Court was unauthorized by the
provisions of the will. Still, that order is in force, and so far
as the administrator had, at the time of the demand for the

legacy, made payments under it, he might, perhaps, have defended in this action, but of this we give no opinion. It is, however, not doubtful that he was bound, notwithstanding the order, to apply the moneys of the estate in his hands, at the time of the demand, in payment of the legacy. Here, it is alleged and proved, that the defendant, upon settlement of the estate, stood liable for $718, an amount more than sufficient to discharge the legacy. This made, at least, a *prima facie* case against him, and we perceive nothing in his defense in any degree tending to defeat the case thus made. There is, it is true, an allegation in the answer, and an offer to prove, "that defendant had paid *large sums of money* to the widow;" but this was, obviously, too indefinite; the amount paid, and the time of payment, should have been stated. It appears to us, "that the merits of this cause have been fairly tried and determined in the Court below," and the judgment must, therefore, be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*John B. Niles,* for the appellant.